IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**KORY CHRISTIAN PEDERSEN,**

    Petitioner,

v.

**CHRISTINE POPOFF**, Superintendent,
Oregon State Correctional Institution,

    Defendant.

No. 6:17-cv-00145-JR

OPINION AND ORDER

**MOSMAN, J.,**

On April 17, 2019, Magistrate Judge Jolie Russo issued her Findings and Recommendation (F&R) [53], recommending that I deny Kory Pedersen's Amended Petition for Writ of Habeas Corpus [12]. Mr. Pedersen filed Objections to the F&R [55] and Respondent Christine Popoff filed a Response to Mr. Pedersen's Objections [56]. For the reasons below, I adopt Judge Russo's F&R in full.

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the

1 – OPINION AND ORDER

court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

Judge Russo found that Mr. Pedersen has not shown that he is entitled to habeas corpus relief on his claim of ineffective assistance of trial counsel. F&R [53] at 11. Mr. Pedersen, who was convicted of Attempted Aggravated Murder after firing twice at a Lincoln County Deputy Sheriff, argued that his trial counsel was ineffective in two ways. First, Mr. Pedersen claimed that trial counsel was ineffective in failing to present a theory that the first shot he fired at the Deputy qualified as an act of self-defense. Trial counsel had argued that the first shot was a warning shot, aimed away from the Deputy. If the first shot was intended only as a warning, Mr. Pederson would not have been guilty of attempted murder. Although the jury was instructed on self-defense and trial counsel argued that the jury should acquit based on self-defense, Mr. Pederson argues that his counsel was ineffective in failing to argue that a warning shot also supported a theory of self-defense. Objs. [55] at 10.

Second, Mr. Pedersen claimed that his trial counsel was ineffective in failing to obtain additional experts to bolster his claim that the second shot fired at the Deputy was unintentional. After Mr. Pederson fired the first shot, the Deputy returned fire, hitting Mr. Pederson in his shooting hand. Mr. Pederson claims that his injury caused an involuntary trigger pull, which resulted in the second bullet fired at the Deputy. A private investigator testified at trial that it

was "very possible" that the Deputy's bullet could have caused Mr. Pedersen to unintentionally fire his gun. Tr. 949–52.

The state postconviction review (PCR) court found that additional witnesses would have been useful in establishing the involuntariness of the second shot, but that the jury was not required to believe that the first shot was only meant to be a warning. And testimony by additional experts "couldn't help [Petitioner] a bit with the question of the first shot, which was clearly intentionally fired." Resp't Answer [26] Ex. 2 at 11–12. The PCR court therefore denied Mr. Pederson's claim that his counsel was constitutionally ineffective. Applying the standard of review for a state prisoner asserting an ineffective assistance of counsel claim, Judge Russo found that the PCR court's decision was not unreasonable and was supported by the record. F&R [53] at 10; *see also id.* at 9 ("When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.") (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011)).

Mr. Pedersen quotes *State v. Strye* for the proposition that a defendant need not "intend to cause, or actually cause, any injury to another person to pursue self-defense, it is only necessary that the defendant act intentionally in a manner designed to prevent themselves from being harmed by another's unlawful use of force." Objs. [55] at 14 (citing 356 P.3d 1165, 1168 (Or. App. 2015)). While this statement of Oregon law highlights the tension between trial counsel's testimony that he pursued a theory that the first shot was a warning rather than self-defense, it does not demonstrate that habeas corpus relief is appropriate. As Judge Russo stated in her F&R, even if Mr. Pederson had established that trial counsel's conduct fell below an objective standard of reasonableness, he must also have demonstrated that he was prejudiced by that deficiency.

3 – OPINION AND ORDER

F&R [53] at 10. In other words, he needed to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." F&R [53] at 8 (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). I agree with Judge Russo that the PCR court reasonably found that the result of the proceeding would not have been different had counsel delivered a more convincing argument on a theory of self-defense.

The PCR court's most fundamental holding was that the jury did not believe Mr. Pedersen's testimony that his first shot was fired as a warning. The jury instead found that Mr. Pedersen shot at the Deputy, which would be justifiable as self defense only if, (1) the Deputy made an arrest "with excessive force," and (2) Mr. Pedersen "reasonably believe[d] that the arresting officer was about to use deadly force against him." Trial Tr. [27] Ex. 3 at 1156. Although trial counsel did not argue that Mr. Pedersen was justified in shooting at the Deputy, the decision not to make this argument was based on a reasoned analysis of the facts of the case. In a deposition taken as part of the state postconviction review proceedings, trial counsel stated that he believed Mr. Pedersen would have been justified in firing at the deputy had Mr. Pedersen known that the Deputy was engaged in a felonious assault by acting in violation of his police training. Answer [26-1] Ex. 116 at 27. Trial counsel also stated, however, that Mr. Pedersen "had no idea what police training procedures were," and therefore Mr. Pedersen did not reasonably believe that the Deputy's use of force was felonious. *Id.* Trial counsel explained that he considered presenting evidence that the Deputy did not follow training procedure in his encounter with Mr. Pedersen but decided against it because he anticipated that (1) the prosecutor would object, and (2) the trial court would have ruled that such testimony was irrelevant to Mr. Pedersen's state of mind. *Id.* at 29. This rationale belies Mr. Pedersen's contention that his trial

counsel failed to perceive that there was a viable argument for self-defense in this case. Because the PCR court made a reasonable determination that trial counsel did not violate the standard set forth in *Strickland* with respect to presenting a theory of self-defense, I agree with Judge Russo's finding that Mr. Pedersen is not entitled to habeas corpus relief on this claim.

The PCR court also addressed Mr. Pedersen's second basis for claiming ineffective assistance of trial counsel: that trial counsel was ineffective in not presenting additional expert testimony on whether the second shot was an "accidental discharge" resulting from Mr. Pedersen's involuntary reaction to being shot in the hand. The PCR court noted that additional experts could have helped develop that theory but that there was no reasonable probability that additional experts would have changed the result of the proceeding because Mr. Pedersen intentionally fired the first shot. I agree with Judge Russo that the PCR court reasonably determined that trial counsel was not ineffective in failing to bolster the "accidental discharge" theory with additional experts. Mr. Pedersen is therefore not entitled to habeas corpus relief on this claim.

## CONCLUSION

For the reasons described above, I adopt the F&R [53] as my own opinion. The Amended Petition for Writ of Habeas Corpus [12] is DENIED. Because Petitioner has not made a substantial showing of the denial of a constitutional right, Petitioner's request for a certificate of appealability is DENIED. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 5th day of July, 2019.

MICHAEL W. MOSMAN
Chief United States District Judge

5 – OPINION AND ORDER